UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RAMIRO DE JESUS PALACIO MORENO,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX, *et al*.

Respondents.

Case No. 1:26-cv-08603 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 4

Petitioner Ramiro de Jesus Palacio Moreno is an immigration detainee currently detained at the Golden State Annex awaiting the outcome of his removal proceedings. He first entered the United States in 2023 near Lukeville, Arizona and was arrested by U.S. Customs and Border Patrol. Dkt. No. 11-1 at 2. After his arrest, he was served with a Notice to Appear, placing him in removal proceedings, and was released from custody. *Id.*; Dkt. No. 11-2 at 1–3. Petitioner filed an asylum application a year later and was also granted work authorization by USCIS, which remains valid through 2030. *See* Dkt. No. 11-1 at 2; Dkt. No. 1 at 5. He has no criminal history. In his petition and motion for temporary restraining order, he argues that the revocation of his prior release without any showing of changed circumstances violates his procedural due process rights under the Fifth Amendment. *See* Dkt. No. 1 at 9–11.

The Court has previously addressed the legal issues raised in the Petition. *See Hernandez v. Current or Acting Warden of Cent. Valley Annex Ice Det. Facility*, No. 1:26-CV-06066 (VC), 2026 WL 2766944 (E.D. Cal. Sept. 17, 2026); *Ramos v. Warden of the Det. Facility*, No. 1:26-CV-05248 (VC), 2026 WL 2664611 (E.D. Cal. Sept. 10, 2026); *Torres v. California Cty. Immigration Processing Cent.*, No. 1:26-CV-06442 (VC), 2026 WL 2524293 (E.D. Cal. Aug. 26, 2026); *Aquino Celi v. Andrews*, No. 1:26-CV-05855 (VC), 2026 WL 2363534 (E.D. Cal.

Aug. 13, 2026). On October 21, 2026, the Court directed Respondents to show cause why the Court should not grant the writ and order Petitioner's release based on these prior orders. Dkt. No. 8. Respondents filed a timely response, in which they conceded that "[t]he issues raised in the Petition for Writ of Habeas Corpus are not substantively distinguishable from" the orders cited in the Court's order to show cause. Dkt. No. 11 at 1.

Accordingly, for the reasons articulated in the orders cited above, the petition for writ of habeas corpus is granted. Petitioner has a clear liberty interest in his continued freedom following his release from DHS custody in 2023. Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), he has a substantial private interest in maintaining his out-of-custody status following his release, the risk of erroneous deprivation without a hearing is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents are ORDERED to immediately release Petitioner Ramiro de Jesus Palacio Moreno from their custody. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This Order does not address the circumstances under which Respondents may re-detain Petitioner if he becomes subject to a final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 6, 2026

VINCE CHHABRIA
United States District Judge